## SHEPHERD LAUNDRIES CO. v. WILLIS.
### (No. 1702.)

Court of Civil Appeals of Texas. Beaumont. Jan. 24, 1929.

Rehearing Denied Jan. 30, 1929.

Sam C. Lipscomb, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

O'QUINN, J. This is an appeal from an order dissolving a temporary injunction.

At and prior to the institution of this suit, appellant was engaged in the laundry business in the city of Beaumont. Appellee had been an employé of appellant. The contract of employment between appellant and appellee was in writing. This suit grew out of the following clause in the written contract: "The said party of the second part also agrees that he will not at any time while he is in the employ of said party of the first part, or within two years after leaving their service for himself or any other person, persons or company, call for and deliver laundered or unlaundered goods, or cleaning and pressing, to any person, persons or company, also (who) shall have been customers of said party of the first part, and supplied by said party of the second part during any time he may have been employed under this contract, nor will he in any way, directly or indirectly, solicit, divert, take away or attempt to solicit, divert or take away, any of the customers, business or patronage of such customers within two years, and the said party of the second part further agrees that he will not at any time while he is in the employ of the said party of the first part or within two years after leaving their service, for himself or any other person, persons, or company, engage in the laundry business, or call for and deliver any laundered or unlaundered goods, or cleaning and pressing, either directly or indirectly, in that portion of the city of Beaumont, Texas, situated and bounded on the north by Broadway Avenue, on the east by Neches River, on the south by Bowie St., on the west by the city limits, said portion of the city containing the laundry route territory especially entrusted by said party of the first part to the party of the second part."

Shortly prior to the institution of the suit, appellee had severed his employment with appellant and was working for another party engaged in a like business. This suit was brought charging appellee with violating the above clause in his contract with appellant, and praying for an injunction restraining him for a period of two years after leaving appellant's employ from doing any act in violation of said contract. A temporary injunction was issued in terms as prayed for and the matter set down for hearing.

Appellee answered by general demurrer, general denial, and specially that the contract pleaded by appellant was not enforceable because unilateral, in that it required appellee to do all things for appellant and did not require appellant to do anything for appellee; that he should not be held to the terms of said contract, for in that appellant had itself first breached said contract, in that it had, on October 3, 1927, without just cause, wrongfully discharged appellee from its service, and that said written contract set up by appellant was, by the act of appellant terminated on October 8, 1927, by appellant discharging appellee from its service and on October 10, 1927, re-employing appellee under an oral agreement, wherefore he was not bound by said written contract, and prayed that the temporary injunction be dissolved.

On the hearing both parties appeared and introduced evidence. At the conclusion of the hearing the court sustained appellee's contentions and dissolved the injunction. This appeal is from that order.

At the request of appellant, the court filed his findings of fact and conclusions of law.

He found, among other things: (a) That the written contract was executed as alleged; (b) that appellee entered upon his duties under said contract and continued to serve appellant until October 8, 1927, when he was discharged by appellant without just cause, and that said contract ceased to exist at said time; (c) that on October 10, 1927, at the request of appellant, appellee again entered into a new contract of employment with appellant, which was wholly verbal, whereby he was to work on 60 days' trial; and (d) that on February 25, 1928, appellee voluntarily left the employment of appellant. Upon these finding the court concluded that the temporary injunction should be dissolved, and so ordered.

Briefly the record discloses that the written contract of employment between appellant and appellee and of which the above excerpt was a part was entered into on January 28, 1926. Said contract provided that "the term of service may be terminated on any day of the month by either party hereto giving the other not less than two weeks notice." Under this contract appellee served appellant until October 8, 1927, when he was discharged by appellant after due notice. On October 10, 1927, appellant sent for appellee, and he was again put to work for appellant under an oral contract of employment on 60 days' trial, nothing being said about the old written contract. Appellee continued to work for appellant under this agreement until February 25, 1928, when he left its employ of his own volition. He then went to work for the Biltmore Cleaners in the city of Beaumont, and was soliciting trade in the territory covered by him during his employ with appellant, and on February 29, 1928, this suit was filed to enjoin him from so doing, with the result above stated.

Appellant's first and second assignments of error are to the effect that the court's findings that appellant discharged appellee without just cause, thereby terminating the written contract, and that appellee's second employment by appellant was under a new and oral agreement for employment on 60 days' trial are without support in the evidence. These assignments are overruled. We do not deem it necessary to state the evidence shown by the record, but will say that said findings have sufficient support.

Appellant's third assignment is that the court erred in concluding that appellant discharged appellee without cause. In order to ascertain whether there was cause would carry us to the evidence, and we have already stated that in our opinion there was ample proof to sustain the court's finding of fact to that effect, and that, also, disposes of this assignment. It is overruled.

We do not deem it necessary to discuss appellant's fourth and fifth assignments. If the matters therein complained of show error,

they would not constitute reversible error, in view of the court's other findings and conclusions.

We think the judgment dissolving the injunction should be affirmed. Appellant insists that appellee's second employment was under and according to the terms of the original written contract, and that appellee is subject to be enjoined from violating same. Appellee insists that his second employment was on an oral agreement only, and that the original written contract was terminated and wholly supplanted and novated by appellant's discharging him and entering into a new agreement, which was wholly oral, and that therefore the written contract has no application, and that appellant has no cause of action, such as asserted, under the oral engagement. Appellant is not having its suit upon acts done by appellee after the termination of his service to appellant when same ceased by reason of its discharging him, but the suit is based entirely upon acts of appellee after he had severed his oral contract with appellant, and as there were no such terms embraced in that contract as appellant here seeks to enforce, the court did not err in dissolving the temporary injunction.

The judgment is affirmed.